Case 6:20-cv-00028   Document 27   Filed on 02/01/21 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 01, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DAVIS SERNA VILLARREAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:20-CV-00028 |
| | § | |
| UTMB, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY DEFENDANTS' MOTION TO DISMISS**

Plaintiff Davis Serna Villarreal, previously confined at the Victoria County Jail in Victoria, Texas, is appearing *pro se* and *in forma pauperis*. He has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is a Motion to Dismiss filed by Defendants Jonathan Torres, David Parma, Jason Garcia, and Angela Moya. (D.E. 21). For the reasons set forth below, it is respectfully recommended that this motion be **GRANTED**.

**I.    JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

**II.    BACKGROUND**

Plaintiff claims in this lawsuit arise in connection with his previous confinement at

the Victoria County Jail. In his original complaint, Plaintiff sues the Victoria Sheriff's Department and the UTMB. (D.E. 1). Plaintiff alleges that excessive force was used after he was taken into custody at the Victoria County Jail, resulting in injury on or about June 6, 2018, and that the nurses on duty at the Jail denied him adequate medical care for his injuries. Plaintiff seeks monetary relief.

At the Court's request, Plaintiff supplemented the complaint with a More Definite Statement of his claims. (D.E. 7). Plaintiff again names the Victoria Sheriff's Department and the UTMB as defendants. He also references unidentified guards and nurses at the jail as having some involvement in the incidents that form the basis of his complaint.

On June 30, 2020, the Court ordered the Victoria County Sheriff's Office to submit a *Martinez*[1] report containing "any relevant administrative records from the Victoria County Jail, including any documents about his arrest and intake at the Jail, any grievances plaintiff may have filed regarding the complained of incidents that occurred on or about June 6, 2018, and any medical records of treatment for the injuries he allegedly sustained." (D.E. 8, p. 1). On October 6, 2020, the Victoria County Sheriff's Office submitted its *Martinez* report along with sealed exhibits. (D.E. 12, 13-1).

On October 23, 2020, the undersigned issued a Memorandum and Recommendation (M&R), recommending that the Court: (1) retain Plaintiff's excessive force claims against

---

[1] *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *Cay v. Estelle*, 789 F.2d 318, 323 n. 4 (5th Cir. 1986). *See also Cay v. Estelle,* 789 F.2d 318, 323 n. 4 (5th Cir.1986) (Fifth Circuit approved of the use of *Martinez* Reports in order to develop the factual basis of inmate claims).

Officer Torres, Deputy Parma, Deputy Garcia, and Sgt. Moya in their individual capacities; (2) retain Plaintiff's deliberate indifference claims against Jane Doe Nurse No. 1 and Jane Doe Nurse No. 2 in their individual capacities; (3) dismiss Plaintiff's claims for injunctive relief and for criminal charges to be brought against certain prison officials; (4) dismiss with prejudice Plaintiff's § 1983 claims against the UTMB as barred by the Eleventh Amendment; (5) dismiss with prejudice Plaintiff's claims against Officer Torres, Deputy Parma, Deputy Garcia, Sgt. Angela Moya, Jane Doe Nurse No. 1, and Jane Doe Nurse No. 2 in their official capacities; and (4) dismiss with prejudice Plaintiff's claims against Victoria County as frivolous and/or for failure to state a claim.  The undersigned ordered service of Plaintiff's complaint on Officer Torres, Deputy Parma, Deputy Garcia, Sgt. Moya, Jane Doe Nurse No. 1, and Jane Doe Nurse.

On December 2, 2020, Officer Torres, Deputy Parma, Deputy Garcia, and Sgt. Moya (collectively "Defendants") filed a Motion to Dismiss.  (D.E. 21).  Plaintiff has not responded to Defendants' motion, which is, therefore, deemed unopposed.[2]  However, because Plaintiff is appearing *pro se*, the undersigned will address the merits of Defendants' Motion to Dismiss.

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations have been fully set forth in the M&R.  (D.E. 14, pp. 3-7).  These allegations are incorporated by reference herein.  Plaintiff's allegations relevant to Defendants' Motion to Dismiss are summarized as follows.

---

[2] Local Rule 7.4 for the Southern District of Texas sets forth that "[f]ailure to respond will be taken as a representation of no opposition."

Plaintiff suffers from polio. As a result of this condition, Plaintiff had metal placed in his right shoulder and hip. On June 6, 2018, Plaintiff was taken into custody at the Victoria County Jail after being arrested for public intoxication. (D.E. 7, pp. 1, 3). Later that day after being taken into custody, Plaintiff was in his wheelchair after being taken to the drunk tank. He was forced to be in his wheelchair because his leg brace and crutches had been taken away from him.

Plaintiff alleges in his More Definite Statement that: (1) on June 14, 2018, two Hispanic officers removed Plaintiff from his wheelchair and took him to the pink room and slammed him to the ground; (2) while Plaintiff was on the ground, the "big [H]ispanic guard" placed Plaintiff in a choke hold; (3) other unidentified officers held Plaintiff face down, and the big Hispanic officer attempted to handcuff Plaintiff's arms over his head; (4) another officer tased Plaintiff at the same time that Plaintiff's left hand and thumb were being twisted in the wrong direction; and (5) the officers proceeded to lay on top of Plaintiff, who passed out from the choke hold. (D.E. 7, pp. 1-2). Plaintiff's allegations further indicate that he suffered injuries from the use of force that later required an MRI, surgery to repair a torn muscle in his arm, and home therapies.

Records submitted as part of the *Martinez* report reflect that Officer Torres, Deputy Parma, Deputy Garcia, and Sgt. Moya were the officers responsible for restraining Plaintiff and using force against him. While Plaintiff filed a general grievance seeking to prevent any use of force in January or February of 2018, he did not file a grievance at the Victoria County Jail following the use of force on June 6, 2018. (D.E. 7, p. 4).

## IV.   LEGAL STANDARD

Defendants move to dismiss Plaintiff's excessive force claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 35). This rule provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. "[A] plaintiff's obligation to prove the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554-55. When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## V.   DISCUSSION

Defendants move to dismiss Plaintiff's excessive force claims against them for failure to exhaust his administrative remedies. (D.E. 21, pp. 4-6). The Prison Litigation Reform Act, 42 U.S.C. § 1997e, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. *Booth v. Churner*, 532 U.S. 731, 734 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006). Because exhaustion is an affirmative defense, inmates are not required to plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 215 (2006).

"Title 37 of the Texas Administrative Code mandates that all county jails have an established administrative procedure, approved by the Texas Commission on Jail Standards, for the resolution of inmate grievances." *McGiffin v. Valdez*, No. V-07-043, 2009 WL 3073939, at *4 (S.D. Tex. Sep. 18, 2009) (citing 37 Tex. Admin. Code § 283.3). "The Texas Commission on Jail Standards has verified that Victoria County Jail has a grievance procedure which complies with the Texas Administrative Code." *McGiffin*, 2009 WL 3073939, at *4.

In his More Definite Statement, Plaintiff indicates that he was aware of the grievance procedure at the Victoria County Jail because he had filed a grievance in January

or February of 2018. (D.E. 7, p. 4). However, Plaintiff acknowledges that he did not file a grievance at the Victoria County Jail following the use of force on June 6, 2018. (D.E. 7, p. 4). Plaintiff's failure to exhaust any administrative remedies available to him with respect to the use of force on June 6, 2018 properly serves as a basis for dismissal of his excessive claims for failure to state a claim. *See Jones*, 549 U.S. at 216; *Ybarra v. Basse*, No. 2:11-CV-0171, 2013 WL 5663093, at *3 (N.D. Tex. Oct. 16, 2013).

When accepting as true Plaintiff's facts set forth in his original complaint and More Definite Statement, the undersigned respectfully recommends that Defendants' Motion to Dismiss (D.E. 21) be granted as to Plaintiff's excessive force claims. These claims against Defendants should be dismissed with prejudice for lack of exhaustion.[3]

## VI. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court **GRANT** Defendants' Motions to Dismiss (D.E. 21) and **DISMISS** Plaintiff's excessive force claims with prejudice for lack of exhaustion.[4]

Respectfully submitted on February 1, 2021.

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ _____
Julie K. Hampton
United States Magistrate Judge

---

[3] A dismissal for failure to exhaust is generally without prejudice. However, because Plaintiff's failure to exhaust cannot be cured, dismissal with prejudice of his claims against Defendants is appropriate in this case. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) (holding that dismissal with prejudice warranted when administrative relief is time barred or otherwise precluded).

[4] Because the undersigned recommends dismissal of Plaintiff's excessive force claims for failure to exhaust, it is unnecessary to consider Defendants' alternative ground that Plaintiff's claims fails to meet the pleading requirements set forth in *Twombly*.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).