UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DAVIS SERNA VILLARREAL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:20-CV-00028 |
| VICTORIA SHERIFF'S DEPARTMENT, UTMB; VICTORIA COUNTY, JONATHAN TORRES, DAVID PARMA, JASON GARCIA, ANGELA MOYA, JANE DOE NURSE NO. 1, and JANE DOE NURSE NO. 2, | § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the October 23, 2020 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Julie K. Hampton. (Dkt. No. 14). In the M&R, Magistrate Judge Hampton screens *pro se* and *in forma pauperis* Plaintiff Davis Serna Villarreal's complaint under 28 U.S.C. § 1915(e)(2).  Magistrate Judge Hampton recommends the following claims survive screening: (1) excessive force against Jonathan Torres, David Parma, Jason Garcia, and Angela Moya in their individual capacities; and (2) deliberate indifference against the two Jane Doe nurses in their individual capacities. Magistrate Judge Hampton recommends dismissal of: (1) Villarreal's requests for injunctive relief and criminal charges against the prison officials; (2) Villarreal's Section 1983 claims against the University of Texas Medical Branch; (3) Villarreal's claims against

Jonathan Torres, David Parma, Jason Garcia, Angela Moya, and the two Jane Doe nurses in their official capacities; and (4) Villarreal's claims against Victoria County.[1]

The Parties received proper notice and the opportunity to object to the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Villarreal timely filed objections.[2] (Dkt. No. 18). Torres, Parma, Garcia, and Moya also timely filed objections. (Dkt. No. 19). As a result, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

The Court has conducted a *de novo* review of the M&R, the objections, the record, and the applicable law. After careful review, the Court **ACCEPTS** the M&R.

I.  **LEGAL STANDARDS**

When objections are filed to part of a magistrate judge's recommendation, a district court must conduct a *de novo* review. 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Relevant here, a court liberally construes *pro se* documents. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).

---

[1] Magistrate Judge Hampton filed another M&R, (Dkt. No. 27), on February 1, 2021, that will be addressed by separate order.

[2] (Dkt. No. 20), also entitled "Objections," appears to be the same document as (Dkt. No. 18) other than the signature page.

Magistrate Judge Hampton screened Villarreal's case under 28 U.S.C. § 1915(e)(2).[3] Under Section 1915, which applies to *in forma pauperis* proceedings, a court must dismiss a case or claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). First, a court may dismiss a complaint as frivolous if the complaint "lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Second, dismissal under Section 1915 for failure to state a claim is reviewed "using the same standard applicable to Rule 12(b)(6) dismissals." *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021). Thus, the Fifth Circuit will "uphold dismissal under § 1915(e)(2)(B)(ii) if the complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Watkins v. Three Admin. Remedy Coordinators of Bureau of Prisons*, 998 F.3d 682, 684 (5th Cir. 2021) (cleaned up). A court should take the factual allegations in the complaint as true and view those facts in the light most favorable to the plaintiff. *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017).

## II.  REVIEW OF THE OBJECTIONS

Villarreal raises four objections to the M&R. First, Villarreal argues that his claims against Victoria County should not be dismissed because every party involved with the constitutional violations should be liable. (Dkt. No. 18 at 1). Next, Villarreal argues that the Court should consider every witness statement rather than just Moya's statement.

---

[3]  Villarreal is proceeding *in forma pauperis*. (Dkt. No. 4).

(*Id.*). Third, Villarreal objects to dismissal of his request for injunctive relief because he asked for this relief while he was imprisoned. (*Id.* at 2). Finally, Villarreal takes issue with sealing records, the lack of production of certain documents, and the content of an incident report. (*Id.* at 1–2).

Torres, Parma, Garcia, and Moya also filed objections. First, they argue that that Villarreal's claim is barred because he did not exhaust his administrative remedies. (Dkt. No. 19 at 1–3). Next, they argue that Villarreal fails to plead facts specific to each of them individually. (*Id.* at 3–5). Third, they disagree with the statement of facts in the M&R. (*Id.* at 5–6). Finally, they argue that discovery should be stayed because they are entitled to qualified immunity. (*Id.* at 6–7).

The Court addresses both side's objections in turn and ultimately concludes that all objections are without merit.

### A. VILLARREAL'S OBJECTIONS

Villarreal first objects that his claims against Victoria County should not be dismissed because every party involved in the constitutional violations should be liable. (Dkt. No. 18 at 1). To assert a Section 1983 claim against a county like Victoria County, Villarreal must sufficiently allege "(1) that an official policymaker with actual or constructive knowledge of the constitutional violation acted on behalf of the municipality; (2) that the allegedly unconstitutional action constitutes a custom or policy; and (3) that there was a violation of constitutional rights whose moving force is the policy or custom." *Brown v. Tarrant County*, 985 F.3d 489, 497 (5th Cir. 2021) (internal quotations omitted). As Magistrate Judge Hampton explained, Villarreal has not alleged facts

4

suggesting Victoria County had an official policy or custom pertaining to the alleged constitutional violations. (Dkt. No. 14 at 16–17). While Villarreal believes Victoria County should be liable because it was involved through its employees, the Supreme Court has explicitly concluded that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). The Court overrules Villarreal's first objection.

Next, Villarreal argues that the Court should consider every witness statement rather than just Moya's statement. (Dkt. No. 18 at 1). Villarreal appears to take issue with Magistrate Judge Hampton's discussion of Moya's confidential narrative submitted as part of the *Martinez* report. (Dkt. No. 14 at 5–6). Crucially, Magistrate Judge Hampton relied on Moya's confidential narrative for the purpose of identifying Torres, Parma, Garcia, and Moya as the officers involved in the incident—not for construing Villarreal's factual allegations. (*Id.* at 12). Indeed, Magistrate Judge Hampton ultimately concluded that Villarreal's allegations suggest that the use of force was not objectively reasonable and that Villarreal suffered more than a *de minimis* injury. (*Id.*). To be sure, "a *Martinez* report may not be used to resolve genuine disputes of material facts when the information conflicts with the plaintiff's pleadings." *Bangmon v. Alexander*, No. 18-41043, 2021 WL 3477490, at *2 (5th Cir. Aug. 6, 2021) (per curiam). But Magistrate Judge Hampton explicitly accepted Villarreal's allegations as true and recommended that his excessive force claim against Torres, Parma, Garcia, and Moya in their individual capacities survive screening. (Dkt. No. 14 at 12). In other words, Magistrate Judge

5

Hampton properly accepted the well-pleaded facts and viewed them in the light most favorable to Villarreal. The Court therefore overrules the objection.

Third, Villarreal objects to the dismissal of his request for injunctive relief as moot because he requested this relief while he was imprisoned. (Dkt. No. 18 at 2). This distinction is of no moment. It is undisputed that Villarreal is no longer incarcerated at the Victoria County Jail. Thus, Villarreal's request for injunctive relief is moot. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Accordingly, the Court overrules Villarreal's third objection.

Finally, Villarreal objects to the Court sealing records, the lack of document production, and the content of an incident report. (Dkt. No. 18 at 1–2). The M&R does not address sealed records. The Court's task here is to consider portions of the M&R to which an objection is made, 28 U.S.C. § 636(b)(1), and the M&R does not recommend a ruling on sealing records. Similarly, the M&R does not address document production. Nonetheless, discovery is immaterial as to whether Villarreal's complaint survives screening because the Court, at this stage, evaluates the complaint. *See Watkins*, 998 F.3d at 684. For this same reason, the content of the incident report is also immaterial to the screening inquiry. The Court thus overrules Villarreal's remaining objections.

### B.   TORRES, PARMA, GARCIA, AND MOYA'S OBJECTIONS

The Court now considers Torres, Parma, Garcia, and Moya's objections. First, they argue that Villarreal's claim is barred because he did not exhaust administrative remedies. (Dkt. No. 19 at 1–2). As an initial matter, a federal court generally screens an *in forma pauperis* complaint without the benefit of briefing. Indeed, a "district court shall

6

dismiss an IFP complaint at *any time* if it determines that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (emphasis added); *accord* 28 U.S.C. § 1915(e)(2). There are circumstances in which dismissing a prisoner's complaint for failure to exhaust administrative remedies is appropriate at the screening stage. For example, dismissal is appropriate if a "complaint itself makes clear that the prisoner failed to exhaust" his or her administrative remedies. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). On the other hand, exhaustion of administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007). Thus, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* As the Fifth Circuit recognized post-*Jones*, the "failure to exhaust must be asserted by the defendant." *Carbe*, 492 F.3d at 328. Read together, these cases demonstrate Magistrate Judge Hampton was not required to *sua sponte* address administrative remedies at the screening stage. In any event, Magistrate Judge Hampton separately recommends dismissal for failure to exhaust administrative remedies. (Dkt. No. 27). Thus, under these circumstances, the Court overrules the objection.

Next, Torres, Parma, Garcia, and Moya argue that Villarreal fails to plead facts as to the specific conduct of each of them individually. (Dkt. No. 19 at 3–5). They point out that Villarreal "is required to plead what each Defendant did that amounts to excessive force" rather than "sorting out who did what at a later time." (*Id.* at 4). As Magistrate Judge Hampton details, however, Villarreal alleges more than just conclusory allegations. *See* (Dkt. No. 14 at 11–12). Though Villarreal does not name each of the officers, he pleads

7

that two Hispanic officers removed him from his wheelchair, took him to a pink room, and slammed him to the ground. (Dkt. No. 7 at 1–2). He then explains that a larger Hispanic guard placed him in a chokehold while he was on the ground. (*Id.* at 2). Villarreal further describes other officers holding his face down, the larger Hispanic officer's attempt to handcuff his arms over his head, and his experience being tased while his left hand and thumb were twisted in the wrong direction. (*Id.*). He further recounts how he passed out after the officers laid on top of him. (*Id.*). Finally, Villarreal describes the resulting medical procedures and injuries, including an MRI, surgery, and home therapy. (*Id.* at 5–7).

*Pro se* complaints are liberally construed. *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200. For a pretrial detainee, like Villarreal, to assert a claim for excessive force, he "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97, 135 S.Ct. 2466, 2473, 192 L.Ed.2d 416 (2015). Viewing the factual allegations in a light most favorable to Villarreal, the Court agrees that Villarreal has sufficiently pleaded a claim for excessive force at the screening stage. Thus, the Court overrules the objection.

Third, "out of an abundance of caution," Torres, Parma, Garcia, and Moya object to certain statements in the M&R so as not to later face a waiver argument. (Dkt. No. 19 at 5–6). Magistrate Judge Hampton, however, makes clear that the allegations are from Villarreal's complaint and more definite statement. (Dkt. No. 14 at 3–5). Similarly, Torres, Parma, Garcia, and Moya take issue with Villarreal's pleadings, which they claim are contradicted by facts demonstrated by the *Martinez* report. (Dkt. No. 19 at 6). But

relying on information in the *Martinez* report to dispute Villarreal's pleadings is improper at this stage. *See Cardona v. Taylor*, 828 F. App'x 198, 201 (5th Cir. 2020) (per curiam) (concluding the district court erred when it resolved factual disputes in favor of the *Martinez* report). The objection is overruled.

Finally, Torres, Parma, Garcia, and Moya argue discovery should be stayed because they are entitled to qualified immunity. (Dkt. No. 19 at 6–7). Objections to a M&R are not the proper vehicle for moving for relief. Rather, the Court's task here is to address specific objections to portions of the M&R. *See* 28 U.S.C. § 636(b)(1). The Court overrules the objection.

## III. CONCLUSION

Based on the foregoing, the Court **ACCEPTS** the M&R as the opinion of the Court. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Villarreal's claims against the University of Texas Medical Branch as barred by the Eleventh Amendment.[4] Second, the Court **DISMISSES WITH PREJUDICE** Villarreal's claims against Jonathan Torres, David Parma, Jason Garcia, Angela Moya, and the two Jane Doe nurses in their official

---

[4] The M&R recommends that the Court dismiss the claims against the University of Texas Medical Branch *with* prejudice as barred by the Eleventh Amendment. Claims implicating the Eleventh Amendment are dismissed *without* prejudice because the Eleventh Amendment deprives a federal court of subject matter jurisdiction. *See Planned Parenthood Gulf Coast, Inc. v. Phillips*, ____ F.4th ____, ____, 2022 WL 187837, at *6 (5th Cir. Jan. 20 2022) (observing that "the Eleventh Amendment generally deprives federal courts of jurisdiction" over certain suits); *United States v. Texas Tech Univ.*, 171 F.3d 279, 285 n.9 (5th Cir. 1999) ("While the Supreme Court has left this question open, [the Fifth Circuit] has repeatedly referred to the Eleventh Amendment's restriction in terms of subject matter jurisdiction."). Claims dismissed for lack of subject matter jurisdiction are dismissed without prejudice. *See Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

capacities for failure to state a claim.  Third, the Court **DISMISSES WITH PREJUDICE** Villarreal's claims against Victoria County for failure to state a claim.  Finally, the Court **DENIES** as moot Villarreal's request for injunctive relief and **DENIES** Villarreal's request for criminal charges against prison officials.

Two claims survive screening: (1) excessive force against Jonathan Torres, David Parma, Jason Garcia, and Angela Moya in their individual capacities; and (2) deliberate indifference against the two Jane Doe nurses in their individual capacities.  The Court will address these claims by separate order.

It is SO ORDERED.

Signed on March 6, 2022.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**