United States District Court
Southern District of Texas
**ENTERED**
March 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **DAVIS SERNA VILLARREAL,** § § | |
| **Plaintiff,** § § | |
| v. § § | Civil Action No. 6:20-CV-00028 |
| **VICTORIA SHERIFF'S DEPARTMENT, UTMB; VICTORIA COUNTY, JONATHAN TORRES, DAVID PARMA, JASON GARCIA, ANGELA MOYA, JANE DOE NURSE NO. 1, and JANE DOE NURSE NO. 2,** § § § § § § § § | |
| **Defendants.** § | |

### ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the February 1, 2021 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Julie K. Hampton. (Dkt. No. 27). In the M&R, Magistrate Judge Hampton recommends that the Court grant Defendants Jonathan Torres, David Parma, Jason Garcia, and Angela Moya's Motion to Dismiss because *pro se* Plaintiff Davis Serna Villarreal did not exhaust his administrative remedies. On the same day that she signed the M&R, Magistrate Judge Hampton also ordered Villarreal to submit to the Court, no later than February 26, 2021, any additional information to identify the two Jane Doe Nurses. (Dkt. No. 28). Magistrate Judge Hampton warned that failure to comply with the order would result in the dismissal of those two defendants. (*Id.*).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Villarreal acknowledged receipt of the

M&R on February 3, 2021. (Dkt. No. 29). Thus, his deadline to file objections to the M&R was February 17, 2021. Villarreal filed untimely objections approximately nine months after his deadline to object.[1] (Dkt. No. 44); (Dkt. No. 46). As a result, review is straightforward: plain error. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Villarreal has not complied with Magistrate Judge Hampton's order to submit additional information concerning the two Jane Doe Nurses.

No plain error appears. Accordingly, the Court **ACCEPTS** the M&R as the opinion of the Court. The Court **GRANTS** the Motion to Dismiss, (Dkt. No. 21), and **DISMISSES WITH PREJUDICE** Villarreal's excessive force claim against Defendants Jonathan Torres, David Parma, Jason Garcia, and Angela Moya in their individual capacities for failure to exhaust administrative remedies. Further, the Court **DISMISSES WITHOUT PREJUDICE** Villarreal's deliberate indifference claim against the two Jane Doe Nurses in their individual capacities under Federal Rule of Civil Procedure 41(b).[2]

It is SO ORDERED.
Signed on March 6, 2022.

                                                                                        */s/ Drew B. Tipton*
                                                                                        **DREW B. TIPTON**
                                                                      **UNITED STATES DISTRICT JUDGE**

---

[1] Magistrate Judge Hampton construed both of these filings as objections. (Dkt. No. 45); (Dkt. No. 47). The objections merely argue that "exhaustion does not apply" to Villarreal because he filed the lawsuit while he was not in jail. (*Id.*). Even if the objections were timely filed, they would not change the result.

[2] Federal Rule of Civil Procedure 41(b) provides in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A district court may *sua sponte* dismiss under Rule 41(b). *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016).